UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARTER FROST                                                                                          PLAINTIFF

VS.                                                                                      CIVIL NO. 4:03CV187-P-D

JOHN MILLER, ET AL                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION**

Carter Frost has moved for injunctive relief seeking reclassification and rehousing. (Doc. 57) On January 25, 2005 he was transferred to Unit 29. He claims, "Plaintiff has done nothing to be locked down for by MDOC." He believes this is a retaliatory gesture "to hinder plaintiff in pursuing plaintiff's case before this honorable court." There is no indication in this motion that plaintiff has exhausted his administrative remedies on his complaint.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the preliminary injunction will

not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621. In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Id*. at 573. Based on the following the undersigned finds that the plaintiff has failed to show a likelihood of prevailing on the merits.

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Parker v. Cook*, 642 F.2d 865, 876 (5th Cir. 1981); *Mikeska v. Collins*, 900 F.2d 833 (5th Cir. 1990); Mississippi Code Annotated, §47-5-99 *et seq.*

Accordingly, it is recommended that the motion for temporary restraining order be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing

the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 15th day of March, 2005.

/s/ Jerry A, Davis
UNITED STATES MAGISTRATE JUDGE