UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARTER EARL FROST                                                                                    PLAINTIFF

VS                                                                          CIVIL ACTION NO.4:03CV187-WAP-JAD

JOHN MILLER, ET AL                                                                                 DEFENDANTS

REPORT AND RECOMMENDATION

The defendants John Miller, Lacy Keeton and Brenda Scribner have filed a motion for summary judgment. Frost, a Muslim inmate filed his § 1983 complaint alleging that the defendants discriminated against him based on his religion, with additional allegations of racial discrimination and denial of access to the courts. Frost complains of being discharged from his job with Mississippi Prison Industries.[1] Miller is the chief executive officer of Mississippi Prison Industries Corporation(MPIC). Keeton was the production manager who supervised Frost and terminated him from the program. Scribner was an employee with Prison Industries.

---

[1] He also alleges violation of his First Amendment rights free speech rights. He claims his First Amendment rights were violated because he was allegedly discharged for calling a law library technician a "damned liar" for reporting that she did not have his court transcripts, when the Fifth Circuit records indicated they had been sent to the prison. There is no proof that Keeton, who discharged Frost had any knowledge of this alleged incident of disruptive behavior and bad attitude. He also accuses the defendants of conspiring to violate his rights which would be in violation of § § 1983 and 1985. The affidavits submitted by Frost are riddled with inadmissible hearsay. The affidavits contain Frost's accounts of what other non-party officers allegedly told him that the defendants said and what these non-parties may have said to the defendants. These are mere conclusory allegations of conspiracy, but no proof of any meeting of the minds, unity of purpose or common design among the defendants with regard to Frost at all. *Sales v Murray*, 862 F. Supp. 1511, 1517(W.D. Va. 1994). Without proof, these claims fail as a matter of law

1

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v MacDonald* 893 F 2d 787, 793(5th Cir. 1990) While the court resolves factual disputes in favor of the nonmoving party, it does so "only when there is an actual controversy, that is when both parties have submitted contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v Liquid Air Corporation*, 37 F. 3d 1069,1075 (5th Cir. 1994). "[R]esolving actual disputes of material facts in favor of 'nonmoving party' is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint..... *Id.* at 1075 quoting from *Lujan v National Wildlife Federation*, 497 U.S. 871, 110 S. Ct. 3177, 111 L. Ed. 2d 695(1990).

Frost seeks damages for being fired from his prison job. That job assignment was not a right but a privilege. The constitution does not provide a constitutional right to an inmate being assigned a particular job assignment. *Altizer v Paderick*, 569 F. 2d 812, 813(4th Cir. 1978). The assignment of a particular inmate to a particular job is a matter of prison administration which falls within the discretion of the prison officials. *Gardner v Johnson,* 429 F. Supp. 432(E.D. 1977). Prison officials have the discretion to determine whether and when to provide prisoners with privileges which amount to more than reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety. Mikeska v. Collins, 900 F.2d 833, 837 (5th Cir. 1990). This discretion is not

2

absolute for it is subject to the constitutional requirement that significant and purposeful differences in treatment must have some rational basis and may not be wholly arbitrary and capricious. Mikeska, 900 F.2d at 837 citing Fulford v. King, 692 F.2d 11 (5th Cir. 1982).

Frost can make a claim for loss of the privilege of his job only under the equal protection clause. The equal protection clause does not require absolute equality. Ross v. Moffitt, 417 U.S. 600, 612 (1974). Since the Constitution forbids only purposeful discrimination, United States v. LULAC, 793 F.2d 636, 646 (5th Cir. 1986)(citations omitted), to show that rights under the Equal Protection Clause have been violated, a plaintiff must allege that the violation was based on an intentional discrimination. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995); Lavernia V. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988) citing Washington v. Davis, 426 U.S. 229, 239 (1976).

In order to survive summary judgment, Frost must produce sufficient admissible evidence to establish every essential element of his claim. He must present proof of the specific facts needed to support a finding of purposeful discrimination as to each defendant, since there is no vicarious liability under § 1983 for the wrongs of others. *City of Canton v. Harris,* 489 U.S. 378, 103 L.Ed.2d 412 ( 1989)(Only those officials who were personally involved in an alleged wrong, those who were deliberately indifferent in training wrongdoers, or those who promulgated the policies followed by the wrongdoers are held responsible.)

A review of the affidavits, in support and opposing the motion, shows that two of the defendants do not have the requisite involvement in Frost's termination as a matter of law. John Miller 's affidavit sets forth that he had no involvement in or knowledge of Frost's termination from work in the MPIC work program, until after the fact. Miller says that it is the policy of MPIC to be strictly nondiscriminatory. Miller found, based upon his investigation that Frost's termination was

3

due to unsatisfactory work habits and bad attitude. He points out that African Americans and Muslims have been and remain a part of MPIC's work force. He denies any animus toward Frost on any grounds. Frost counters only that Miller was contacted about the matter by mail on February 15, 2002 and February 18, 2002 and failed to correct the situation and have Frost reinstated. There must be active participation in unconstitutional conduct or acquiescence with actual knowledge of unconstitutional conduct. *Coon v Ledbetter*, 780 F. 2d 1158(5th Cir. 1986). Frosts 'proof' against Miller is insufficient as a matter of law.

Brenda Scribner was an employee of MPIC whose responsibility was assisting in the production of MPIC products. Her affidavit asserts that she had no involvement in Frost's termination from the work program, no knowledge of his religion, and no authority to decide whether or not he would be in the work program. Frost counters that he contacted Scribner trying to get her to correct the matter. The record fails to show any personal involvement of this defendant in the termination and there is no genuine issue of material fact about her lack of authority to approve, disapprove or alter Frost's termination. The claim against Scribner fails as a matter of law.

Lacy Keeton at pertinent times was employed as the production manager at the North Division of Mississippi Prison Industries. Keeton claims that he removed Frost from the work program due to his disruptive behavior and his bad attitude after multiple attempts to correct his behavior failed. Keeton notes the continuing presence in the program of a number of Muslim inmates in the work program, none of whom have been terminated by him, aside from Frost. He denies any racial or religious basis for the termination. Keeton denies that he denied Frost access to the courts.

It is uncontroverted that Frost agreed to abide by the rules and regulations of MPIC as a condition of his participation. In addition to requiring orderly, industrious behavior, the regulations require that "Attendance shall be consistent within a production environment. <u>Unjustified and unauthorized absences from work shall be interpreted as refusals to work</u>. Offenders must be on the job every day, willing, and able to work. Personal leave must be approved in advance by the department supervisor."(Emphasis added) The regulations also point out that job assignments within the prison industries is a privilege, not a right and that any behavior deemed disruptive by security, supervisory or administrative personnel can result in job termination.

Frost was discharged after missing work on February 14, 2002 and February 15, 2002 . He makes a number of bald accusations against Keeton stating that he fired him for taking time off to attend to court business and to attend Muslim services. In his complaint Frost does not claim to have cleared any specific days with Keeton and had in fact been working on Fridays, to express "his appreciation" to Keeton for getting the job. Frost claims to have told Keeton that he would need time off at some point to attend to his court business. Frost, not Keeton, "subsequently allowed for the days of February 14, 2002 and February 15, 2002 to be these days of absence." [2] Frost claims he told "Floor supervisor offender John Gates" on the evening of the 13th that he was going to take off on the 14th.[3] Frost sent a written letter by a transport officer on the 14th' advising' Keeton that he would be off.[4] He says he intended to use the day of the 14th to locate his court transcripts, but "[A]fter receiving no assistance from the unit staff" did no work and decided to take off the next day also.

---

[2] Plaintiff's complaint p. 4.

[3] *Id.*

[4] *Id.*

He claims he intended to attend religious services that Friday and blames the staff and an inconvenient call of nature for his failure to attend. Frost contends that since he says he intended to take care of court business and since he intended to attend religious services, that Keeton's termination was a violation of his right to access to the court's and unlawful discrimination. Frost has admitted that he did not have prior permission to be absent from work. When he ventures beyond conclusions, Frost provides facts which demonstrate the defendants had very good and ample cause to discharge him and that the discharge had nothing to do with his race, religion or court appeal. He accuses, but provides not a scintilla of proof that Keeton discriminated against him. Having failed to present evidence to support a finding of a discriminatory animus, the undersigned recommends that the motion for summary judgment be granted and this action dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted this 27th day of July, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE